IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLA SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02:02cv0216 |
| ) | |
| TEAMSTERS LOCAL NUMBER 249, ) | |
| HBC SERVICE CORPORATION, and ) | |
| JEFFREY LAHEW, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court for disposition is the MOTION FOR SUMMARY JUDGMENT filed by Defendants, Teamsters Local Number 249 ("Local 249") and Jeffrey Lahew ("Lahew") (*Document No. 54*), with brief in support thereof (*Document No. 55*), the Response and Brief in Opposition filed by Plaintiff, Marla Snyder, (*Document Nos. 70 and 75*), and the Reply Brief filed by Local 249 and Lahew (*Document No. 78*).

After careful consideration of Defendants' motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole, the Court finds that there is not sufficient record evidence upon which a reasonable jury could return a verdict for Plaintiff, Marla Snyder on her federal and state claims of discrimination. Therefore, the Court will grant Defendants' motion for summary judgment as to all federal and state claims which allege discrimination and dismiss without prejudice the additional pendent state claims alleged by Plaintiff, Marla Snyder.

1

## PROCEDURAL HISTORY

On January 23, 2002, Plaintiff commenced this action by the filing of an eight-count Complaint against HBC Service Corporation ("HBC"), Local 249 and Lahew.  Plaintiff contends that she was a victim of sexual harassment and a hostile work environment caused by the actions of the Defendants.  Plaintiff also alleges that she was constructively discharged as a result of Defendants' actions in that she was forced to take a medical leave of absence from HBC as a result of the continuing harassment.

Defendants Local 249 and Lahew filed a Motion to Dismiss, which resulted in a number of counts being dismissed against them by the Court.  Accordingly, the following claims remain pending against Defendants Local 249 and/or Lahew:  federal and state claims of sexual harassment/hostile work environment in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA"); and claims under Pennsylvania state law for civil conspiracy, defamation, intentional infliction of emotional distress, and negligence.

Defendants Local 249 and Lahew have filed the instant motion for summary judgment, in which they contend that there are no genuine issues of material fact regarding any of Plaintiff's claims and, therefore, they are entitled to judgment as a matter of law.

## BACKGROUND

The facts relevant to this discussion, and viewed in the light most favorable to Plaintiff, are as follows.  Plaintiff began her employment with HBC in December 1996 when HBC acquired a facility in Meadowlands, Pennsylvania from Foxmeyer Corp.  Plaintiff had been employed by Foxmeyer since 1993, first at its Leetsdale facility and then in the summer/early fall 1996 she was transferred to the Meadlowlands facility.

Local 249 represented the employees at the Meadowlands facility during the time that Foxmeyer was the employer. However, when HBC took over, Local 249 did not initially represent the employees. Beginning in January 1997, the employees, including Plaintiff, no longer paid union dues to Local 249. On August 22, 1998, Local 249 and HBC entered into a collective bargaining agreement which remained in effect through the events surrounding this litigation.[1] Beginning in September 1998, the employees in the bargaining unit, including Plaintiff, resumed paying union dues.

Jeffrey Lahew ("Lahew") commenced his employment at the Meadowlands facility on December 1, 1996, as a temporary employee, and then became a regular employee. From October 1998 through the summer of 2000, Lahew served as a committeeman for Local 249. At no time was Lahew a supervisor of Plaintiff.

Plaintiff alleges that she first had problems with Lahew in February or March 1997. Plaintiff alleges that she made a verbal complaint to management and to Local 249 at that time, although Local 249 did not represent the employees at that time and thus did not have any standing to raise any issue.

In May 2000, Snyder made a written complaint to Local 249 in which she claimed that on three separate occasions, in May 1999, August 1999, and April 27, 2000, Lahew had acted abusively towards her.

According to Plaintiff, the first incident arose in May 1999, when Lahew yelled at Plaintiff and used offensive language because he was angry that Plaintiff "did not organize the totes in the order he felt was appropriate." Pl. Aff. #51. Plaintiff made a verbal complaint to Jan

---

[1] The Collective Bargaining Agreement had a term from August 22, 1998 through February 12, 2005.

3

Kish ("Kish"), a management employee of HBC. The complaint led to a meeting with Plaintiff, Lahew, Kish, and John Drevitch, Local 249's steward at the time. Kish issued a verbal warning to Lahew against any behavior that would be inappropriate for the workplace.

The next incident, according to Plaintiff, occurred in August 1999, when Lahew observed Plaintiff taking an order from the middle of the stack.[2] Lahew yelled at Plaintiff again using offensive language and threatening gestures. After this incident, Plaintiff made a complaint to her union business agent, Terry Mahoney ("Mahoney"). Mahoney told Plaintiff that he had spoken to Lahew and warned him about his conduct. After this incident, Plaintiff was assigned to work in a different area from Lahew.

The third incident, according to Plaintiff, occurred on April 29, 2000, when she was assigned to fill boxes on the conveyor line, along with Bernie Sisler ("Sisler") and Jill Zynosky ("Zynosky"). Lahew came to their section and saw that some of the product had spilled. He became agitated and starting screaming, using offensive language, at Plaintiff, Sisler and Zynosky, telling them that they were not performing their jobs correctly. Pursuant to the HBC sexual harassment policy, Plaintiff filed a complaint with HBC management. Also, Plaintiff, Sisler and Zynosky filed a grievance with the union.

Lahew denied that he had engaged in the conduct alleged in the complaint and grievance, and in May 2000, he filed internal union charges against Plaintiff for allegedly making false statements about him. *See* Complaint, Exhibit 3. Local 249 sent two separate letters to Plaintiff, dated May 18 and 22, 2000, respectively advising her that a hearing would be conducted on the

---

[2] Numerous orders are placed in "stacks" on the replenishment table. The proper procedure is to take the top order from the stack.

charge on June 9, 2000.  *See* Complaint, Exhibits 4 and 5.  That hearing was continued indefinitely and was apparently not rescheduled.

HBC conducted an investigation into the allegations filed by Plaintiff.  During the investigation, both Plaintiff and Lahew were held off work with pay and benefits.  At the conclusion of the investigation, HBC suspended Lahew for one week without pay for his general behavior toward other employees and management.  HBC, however, informed Plaintiff and Local 249 that they had been unable to substantiate any of Plaintiff's accusations of sexual harassment by Lahew.  On May 24, 2000, Plaintiff took a medical leave of absence from work and has never returned to HBC.[3]

On June 30, 2000, Lahew filed an amended charge against Plaintiff with Local 249.  *See* Complaint, Exhibit 10.  Plaintiff was informed by letter dated July 28, 2000 that a hearing would be scheduled on the charge.  Because Plaintiff went on withdrawal status from Local 249 in June 2000 no further action was taken to schedule a hearing.  Local 249 now considers the charge to be either dismissed or withdrawn.  *See* Appendix in Support of Motion for Summ. J., at 45.

Local 249 and HBC met in September 2000 on Plaintiff's grievance against Lahew.  Based on the fact that the investigation had been concluded and that Plaintiff had not returned to work, Local 249 determined that no further action on the grievance was warranted.

---

[3] Beginning in approximately October or November of 2001, Plaintiff began working part-time at Kaufmann's as a sales associate.  At the time of her deposition in July 2003, Plaintiff was working at the Beaver Medical Center in a nursing assistant capacity.

On May 31, 2001, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Local 249. Local 249 received notice in September 2001 that Plaintiff's EEOC charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC"). The EEOC Charge was dismissed on October 23, 2001. The Dismissal Notice indicated that the Charge had not been timely filed. Plaintiff filed the instant lawsuit on January 23, 2002.

## STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249)). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

## DISCUSSION

**1.  Claims of Sexual Harassment and Hostile Work Environment**

A labor organization, such as a union, may be liable under Title VII and/or the PHRA for creating a hostile work environment. *See Durko v. OI-NEG TV Prods., Inc.*, 870 F. Supp. 1268, 1277 (M.D. Pa.1994), *aff'd*, 103 F.3d 112 (3d Cir. 1996). To determine whether a plaintiff may recover against a union under a hostile work environment theory, he or she must show that: (1) s/he was subjected to a hostile work environment; (2) s/he requested action on the part of the union; and (3) the union ignored his/her request for action. *Id.*

    A.    <u>Title VII</u>

However, before a lawsuit can be brought to assert claims under Title VII, a charge of discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the occurrence of the alleged discriminatory employment practice. 42 U.S.C. § 2000e-5(e). On May 31, 2001, Plaintiff filed a Charge of Discrimination against Local 249 in which she alleged as follows:

> Commencing in 1997 and continuing to date, the Respondent has failed to process my complaints against coworkers, Jeff Lahew and Barbara Heiser, on charges of sexual harassment and the creation of a hostile work environment.  The Union in lieu of processing my complaint permitted Mr. Lahew to file a counter complaint against me, in which he initiated legal proceedings against me.
>
> Subsequently, the Union and the employer has (sic) engaged in a continuing pattern of harassment, intimidation, and threats.  Because of these actions, I was forced to take a leave of absence from May 24, 2000 and continuing to date.

Ex. 26, Pl's Appendix of Exhs., EEOC Charge of Discrimination.  On October 23, 2001, the EEOC issued its Dismissal and Notice of Rights letter in which it notified Plaintiff that it had dismissed her charge against Local 249 because, *inter alia,* it "was not timely filed with the

Commission, i.e., you waited too long after the date(s) of the discrimination you alleged to file your charge." Ex. 36, Pl's Appendix of Exhs., Dismissal and Notice of Rights.

As stated *supra*, under Title VII, a charge of discrimination must be filed with the EEOC within 300 days of the occurrence of the alleged discriminatory employment practice. Plaintiff filed her Charge of Discrimination on May 31, 2001. Therefore, she must demonstrate that a discriminatory employment practice occurred within 300 days prior to the date when she filed her EEOC Charge, *to wit*: on or after August 5, 2000. By that time, Plaintiff had been gone from her employment for over two months.

Additionally, every single discriminatory act alleged in Plaintiff's Complaint, including the letter of July 28, 2000 from William M. Barker, Secretary-Treasurer, of Local 249 to Plaintiff, in which he enclosed a copy of the charge against Plaintiff filed by Lahew, took place prior to August 4, 2000.[4]

Plaintiff seeks to breathe new life into her expired claims by arguing that the 300-day filing period should be calculated from April 11, 2001, the date she submitted a "complaint" through legal counsel to the EEOC, not the date her formal Charge was filed. However, even using this earlier date for purposes of this Opinion only, Plaintiff would have to demonstrate that Local 249 engaged in some conduct in violation of Title VII on or after June 16, 2000.

Again, the only act of discrimination allegedly committed by Local 249 which occurred <u>after</u> June 16, 2000, is the July 28, 2000, correspondence sent by William M. Barker, Secretary-Treasurer, of Local 249, to Plaintiff in which he encloses "a copy of the Charge lodged against

---

[4] The Court recognizes that on September 11, 2000, HBC and Local 249 had a meeting to discuss the status of Plaintiff's grievance. However, the mere fact that there was a meeting does not translate into conduct in violation of Title VII.

8

[Plaintiff] and a copy of the By-Laws of General Teamsters Local 249." The Court finds and rules that this correspondence cannot by any stretch of the imagination be found to be an act of discrimination.

Plaintiff also vaguely alleges that while she was on medical leave officers of Local 249 allegedly twice contacted her and/or her husband by telephone and engaged in conduct which would render her administrative filing timely. *See* Complaint at ¶ 48 and Plaintiff's Br. at 19. However, there is no record evidence of when these two telephone calls took place except that they allegedly occurred after Plaintiff went on medical leave on May 24, 2000.

Plaintiff cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Accordingly, the Court finds and rules that Plaintiff has not raised any genuine issue of material fact with regard to the timeliness of her administrative filing with the EEOC. Summary judgment will be granted to Defendant Local 249 on Count I.

      B.    <u>Count II - PHRA claims against Local 249 and Lahew</u>[5]

In order to proceed with an action under the Pennsylvania Human Relations Act ("PHRA"), a complainant must file a complaint with the Pennsylvania Human Relations Commission within 180 days after the alleged discriminatory act occurred. 43 Pa. Stat. Ann. § 959(a), (h). Defendants contend that Plaintiff's PHRA claims against them should be dismissed

---

[5] "Generally, the PHRA is applied in accordance with Title VII." *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 452 (3d Cir. 1996).

because Plaintiff cannot demonstrate that a discriminatory act occurred within 180 days prior to the date when she filed her PHRA claim.

Plaintiff cross-filed her Charge of Discrimination with the EEOC/PHRA on May 31, 2001.  Accordingly, Plaintiff must demonstrate that a discriminatory act occurred within 180 days prior to the date when she filed her EEOC/PHRA Charge, to wit:  on or after December 3, 2000.  As discussed *supra,* the last act of discrimination alleged by Plaintiff occurred on July 28, 2000, clearly outside the 180-day window for filing a PHRA claim.

Again, assuming for purposes of this Opinion only, that the 180-day filing period should be calculated from April 11, 2001, the date she submitted a "complaint" through legal counsel to the EEOC/PHRA, Plaintiff would have to demonstrate that Local 249 engaged in some conduct in violation of Title VII on or after October 14, 2000.

Plaintiff argues that her PHRA claims are timely under the "continuing theory violation." Plaintiff contends that "the continued harassment of Plaintiff by Lahew and the Union continued each day that they allowed Lahew's amended charges against Snyder to stand."   The Court finds this argument to be without merit.  Section 101(4) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411, requires Local 249 to respect the equal right of any member to participate in the affairs of the local union, including the right to sue.  Therefore, Local 249 had no legal right to tell Lahew that he could not bring his charge against Plaintiff.

The Court finds that the continuing violation theory is not applicable in this case.  The record is devoid of any evidence whatsoever to support Plaintiff's allegations that Defendants engaged in discriminatory conduct after she began her medical leave on May 24, 2000. Therefore, summary judgment will be granted to Defendants Local 249 and Lahew on Plaintiff's claim brought under the PHRA.

## II. State Law Pendent Claims For Conspiracy, Defamation, Intentional Infliction of Emotional Distress and Negligence

Plaintiff also alleges causes of action under Pennsylvania state law for conspiracy, defamation, intentional infliction of emotional distress, and negligence. The Court of Appeals for the Third Circuit has held that if the federal counts of a Complaint are dismissed then the district court should "ordinarily refrain from exercising jurisdiction [over the state law claims] in the absence of extraordinary circumstances." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195-96 (3d Cir. 1976). *See also Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("Under Gibbs jurisprudence, where the claims over which the district court has original jurisdiction are dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") Given that the Motion for Summary Judgment filed by Local 249 and Lahew will be granted on the federal claims in this case, and given that there are no extraordinary circumstances which would warrant the exercise of jurisdiction over the pendent state law claims, the Court will decline to exercise supplemental jurisdiction. Accordingly, Plaintiff's claims for conspiracy, defamation, intentional infliction of emotional distress, and negligence under Pennsylvania state law will be dismissed without prejudice. *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992) (once all federal claims have been dropped from the case, the case should either be dismissed or transferred to the Pennsylvania Court of Common Pleas pursuant to 42 Pa. Cons. Stat. Ann. § 5103(b)).

### Conclusion

Viewing the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to establish that her claims for sexual harassment and hostile work environment under

Title VII and/or the PHRA were timely filed.  Accordingly, summary judgment will be granted on Plaintiff's claims of sex discrimination.  Plaintiff's causes of action under Pennsylvania state law for conspiracy, defamation, intentional infliction of emotional distress, and negligence will be dismissed without prejudice.

      An appropriate Order follows.

                                            McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLA SNYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02:02cv0216 |
| | ) |
| TEAMSTERS LOCAL NUMBER 249, | ) |
| HBC SERVICE CORPORATION, and | ) |
| JEFFREY LAHEW, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

**AND NOW**, this 2nd day of September, 2005, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** as follows:

1. The Motion For Summary Judgment filed by Defendants Teamsters Local Number 249 and Jeffrey Lahew is **GRANTED** as to all claims of alleged sexual harassment and hostile work environment in violation of Title VII and the Pennsylvania Human Relations Act; and

2. The Pennsylvania state law causes of action of Plaintiff for conspiracy, defamation, intentional infliction of emotional distress, and negligence are dismissed without prejudice forthwith.

BY THE COURT:

s/Terrence F. McVerry,
United States District Judge

cc:   James A. Ashton, Esquire
500 Lewis Run Road
Suite 227
Pittsburgh, PA 15122

John C. Brzustowicz, Esquire
Day & Brzustowicz
3821 Washington Road
McMurray, PA 15317

Robert O. Lampl, Esquire
Email: rol@lampllaw.com

Robert A. Eberle, Esquire
Jubelirer, Pass & Intrieri
Email: rae@jpilaw.com
Elly M. Heller-Toig, Esquire
Marcus & Shapira
Email: ehtoig@marcus-shapira.com

Raeann Burgo, Esquire
Marcus & Shapira
301 Grant Street
35th Floor, One Oxford Centre
Pittsburgh, PA 15219-6401

Susan Gromis Flynn, Esquire
Marcus & Shapira
Email: sgflynn@marcus-shapira.com